988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Okwudiri R. ARISHI, aka Remy Arishi, R. Arishi, Defendant-Appellant.
 No. 91-50379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1993.
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Central District of Los Angeles, Cal.; No. CR-90-0872-WDK-6, William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before CANBY, BOOCHEVER and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Okwudiri R. Arishi was convicted of various counts relating to a conspiracy to import heroin for distribution. He appeals his convictions and sentencing on three grounds. First, he argues that the district court abused its discretion in excusing a juror during jury deliberations and proceeding with only eleven jurors. Second, he argues that the district court erred in refusing to grant his motion for a mistrial based on the closing argument of his codefendant's counsel. Finally, Arishi argues that the district court erroneously increased his offense level at sentencing for being a manager or supervisor of the crimes. We affirm.
 
 
 3
 * Arishi says that the district court abused its discretion by excusing a juror and proceeding with the remaining eleven jurors. Arishi was tried with Alexander Egbuniwe and Celestine Emere Anyanwu. The latter two have already appealed the juror discharge issue to this court. See United States v. Egbuniwe, 969 F.2d 757 (9th Cir.1992). That case presents the facts related to the issue of juror discharge. In Egbuniwe, we held that the district court had just cause to remove the juror because of its concern that he might be unable to be fair to both parties. We concluded that the verdict returned by the remaining eleven jurors was valid under Fed.R.Crim.P. 23(b). We believe that the reasoning employed in Egbuniwe applies equally well in the instant case, and we conclude accordingly that there was no error in dismissing the juror and continuing the trial with the remaining jurors.
 
 II
 
 4
 During his closing statements, the attorney for Arishi's codefendant Anyanwu argued that Arishi had directed Anyanwu's participation in the drug importation conspiracy. Arishi moved for a mistrial because of these remarks, but the district court denied the motion. The trial judge later admonished the jury that statements of counsel did not constitute evidence. "We review for abuse of discretion the district court's decision to permit comments made in closing argument after objection." United States v. Diaz, 961 F.2d 1417, 1418 (9th Cir.1992).
 
 
 5
 The government argues that this court should apply a less demanding standard for assessing the propriety of statements by defense counsel than that we apply to statements by the prosecutor. We do not need to resolve this issue because we believe that the statements of codefendant's counsel would survive scrutiny even under the demanding standard applied to prosecutorial statements.
 
 
 6
 We judge a prosecutor's remarks according to the following standard:
 
 
 7
 When a prosecutor's remarks are nonprejudicial, or constitute reasonable inferences from the evidence, no prosecutorial misconduct can be demonstrated. The critical inquiry is whether, in the circumstances of the trial as a whole, the remarks were so prejudicial that they likely influenced the jury adversely to the defendant and deprived the defendant of a fair trial.
 
 
 8
 United States v. Patel, 762 F.2d 784, 795 (9th Cir.1985).
 
 
 9
 In the instant case, Anyanwu's attorney claimed that Arishi was involved in a conspiracy to import drugs and that he helped direct the trip to Nigeria. These statements constituted "reasonable inference[s] from the evidence," and were thus proper.
 
 
 10
 Anyanwu's counsel did, however, make one statement that was not based on the record. He suggested that Arishi had convinced his client to participate in the conspiracy. However, inducing others to import heroin was not an element of any offense of which Arishi was charged. Furthermore, this claim was not prejudicial because there was an abundance of evidence already linking Arishi to Anyanwu's trip to Nigeria to import drugs.
 
 
 11
 Arishi argues that he was convicted only of those charges which involved a conspiracy with Anyanwu, and not of those charges that involved conspiracies with others. Arishi says that this pattern of conviction can only be explained by the presence of the statements of Anyanwu's counsel which implicated Arishi in Anyanwu's drug smuggling. However, the fact that Arishi was convicted of the charges relating to Anyanwu and not of the charges relating to other individuals is best explained by the fact that the government presented much more evidence linking Arishi and Anyanwu than that linking Arishi with the other drug couriers.
 
 
 12
 Because Anyanwu's counsel's remarks either constituted reasonable inferences from the record or were not prejudicial, we hold that the district court did not abuse its discretion in denying the motion for mistrial.
 
 III
 
 13
 Finally, Arishi argues that the district court erred in sentencing him as a "manager or supervisor" of the crime. The Sentencing Guidelines require that the offense level be increased by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive...." U.S.S.G. § 3B1.1(b) (Nov. 1992). The government must prove a defendant's role as a manager or supervisor by a preponderance of the evidence. United States v. Sanchez, 908 F.2d 1443, 1446 (9th Cir.1990). We review for clear error a district court's factual findings, for purposes of sentencing, regarding a defendant's leadership role in a crime. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 14
 Arishi argues that he controlled no one, and that he was, at most, a "lookout whose function was to report to his superiors if the swallowers were arrested." However, the government presented a significant amount of evidence that Arishi held a supervisory role in the operation. The government presented evidence that (1) when Arishi was in Nigeria, he escorted Richard Arum and Lawrence Irokameje to the house where they swallowed heroin-filled balloons for transportation to the United States; and (2) Alexander Ifeanyi Ijemba told Arum that Arishi "would take care of everything." Furthermore, according to Anyanwu, Arishi recruited Arishi, paid for his plane tickets, and negotiated the price of the heroin purchased in Nigeria. The district court did not clearly err in ruling that the government had proved by a preponderance of the evidence that Arishi was a "manager or supervisor" for sentencing purposes.
 
 
 15
 For the foregoing reasons, the convictions and sentencing are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3